## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURA PANKIEVICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. <u>CIV-14-1333-HE</u> |
| | ) |
| BEST BUY CO., INC, a foreign, for-profit | ) |
| business corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Laura Pankievich ("Plaintiff"), for her causes of actions against Defendant Best Buy Co., Inc, a foreign, for-profit business corporation ("Defendant"), alleges and states:

### The Parties

1.      At all relevant times, Pankievich was and now is a resident of the City of Yukon, Canadian County, State of Oklahoma.

2.      At all relevant times, Defendant was and now is a foreign, for-profit business corporation with its principal place of business in Minnesota, and with retail stores in Oklahoma and throughout the United States.  Defendant owns and operates the Best Buy Store #220, located at 5801 N. May, Oklahoma City, OK  73112.

<u>Jurisdiction and Venue</u>

3.      This action is brought pursuant to 42 U.S.C. § 2000e, et seq., and 29 U.S.C. § 2601, over which this Court has jurisdiction, and venue is proper pursuant to 28 U.S.C. § 1391(b).

<u>Fact Allegations</u>

4.      Plaintiff had been employed with Defendant since October 2002.  She became the General Manager for Store #220 in June 2009.

5.      At that time in 2009, she was one of only two (2) female general manager in Oklahoma, and one of only three (3) female general managers within the district in which Oklahoma is located.

6.      In early 2013, Plaintiff had to use leave through the Family and Medical Leave Act ("FMLA") due to a difficult pregnancy.  Right before she started her FMLA leave, she was notified that she was being investigated for "inappropriate conduct."

7.      One of the issues discussed in this investigation involved the internal status and classification of employees.

8.      When Plaintiff was first hired into a position with related responsibilities, she was trained in a certain way regarding the classification of employees who were terminated around the holiday season.  Specifically, the internal documents for these employees were completed to indicate that they were occasional/season employees.

9.     Plaintiff was trained in this way and had completed this particular task in this fashion since the time she was named a manager.  Defendant was aware of her actions, and other male managers completed the task in this same manner without repercussion or consequence.

10.    Plaintiff was counseled about this matter a month before she requested FMLA leave, but she was not formally disciplined or terminated at that time and thought the matter had been resolved.

11.    Another issue for which Plaintiff was under investigation involved the completion of customer surveys related to Plaintiff.

12.     Defendant allows its customers to complete satisfaction surveys upon the purchase of items from the store, which are then utilized by Defendant to provide extra benefits and bonuses to the employees who received multiple positive surveys.

13.    Plaintiff's father bought many products at Defendant's Oklahoma City store on May Avenue, over an extended period of time.

14.    Plaintiff's sister requested printouts for the receipts of those purchases and decided to complete the surveys online.  She completed approximately eight (8) to nine (9) surveys in essentially one setting upon finding that number of receipts.

15.    Apparently, because this number of surveys was completed within a short period of time, the action was flagged internally with Defendant, and Plaintiff was questioned about the activity of her sister.

16.     Nothing in Defendant's policies indicated that it was improper in any way for family members living outside of Defendant's employees' household to complete surveys.

17.     The number of surveys completed by Plaintiff's sister did not impact Plaintiff's bonus or employment in any way.  In other words, Plaintiff did not receive a bonus because of her sister's completion of the online surveys.

18.     Plaintiff is aware of other employees whose family members completed surveys, but those employees did not receive discipline, nor were they terminated.

19.     When Plaintiff left on FMLA leave around the first of February, she was informed that her actions were being investigated.

20.     On or around March 5, 2013, and while she was on FMLA leave to manage her pregnancy, she was informed that she was being terminated, with an effective date of May 1, 2013, which was the first of the month following the birth of her child.

21.     A male was hired to take Plaintiff's position after her termination.

22.     The reasons given for Plaintiff's termination are pretext for gender discrimination, discrimination because of Plaintiff's pregnancy, and the leave she took under the FMLA.

23.     Plaintiff attempted to file her charge online in September 2013, but the system would not allow her to do so.  She spoke to individuals with the EEOC thereafter and completed an Intake Questionnaire with the United States Equal Employment

Opportunity Commission dated February 11, 2014, indicating that she authorized the EEOC to look into the discrimination she alleges, and that EEOC must give her employer the information that she has accused them of discrimination.  See Exhibit "1", Intake Questionnaire.

24.     Plaintiff filed a formal Form 5 on April 28, 2014, and received a Notice of Suit Rights on September on or around September 5, 2014.

## FIRST CAUSE OF ACTION – GENDER AND PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

25.     Plaintiff incorporates by reference herein Paragraphs 1 through 24 as though set forth in full.

26.     Plaintiff is in the protected Title VII class of gender as a female.

27.     Based on Plaintiff's education, experience and job performance, Plaintiff was qualified to work as a general manager with Defendant.

28.     Plaintiff's gender and her pregnancy was a significant factor in Defendant's termination of Defendant.  Plaintiff was treated differently than other male staff members, and was terminated very soon after taking time off work due to her pregnancy.

29.     As a direct result of Defendant's discriminatory treatment of Plaintiff as herein alleged, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, embarrassment, humiliation, injury to reputation, and loss of enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand

Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1)    That Defendant be ordered to make Plaintiff whole by providing all remedies and relief authorized by 42 U.S.C. § 2000e-5(g);

(2)    That Defendant be ordered to pay Plaintiff economic and non-economic damages pursuant to 42 U.S.C. § 1981a in an amount to be determined by the jury at the time of trial;

(3)    That judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant in violation of the Oklahoma Discrimination in Employment Act.

(4)    That Defendant be ordered to make Plaintiff whole by providing back pay and an additional amount as liquidated damages as allowed by statute;

(5)    That Defendant be ordered to pay Plaintiff's costs including expert witness fees and a reasonable attorney's fee pursuant to 42 U.S.C. § 2000e-5(k); and,

(4)    For such other and further make-whole relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION –VIOLATION OF FMLA

30.    Plaintiff incorporates by reference herein Paragraphs 1 through 29 as though set forth in full.

31.    The Family Medical Leave Act ("FMLA") entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons with continuation of group health insurance coverage under the same terms and conditions as if the employee had not taken leave.

32.     It also prohibits termination against those employees who utilize such leave for specified family and medical reasons.

33.     Plaintiff is an eligible employee because she worked for a covered employer, worked 1,250 hours during the twelve (12) months prior to her termination, worked at a location where the employer has 50 or more employees within 75 miles, and worked for Defendant for twelve (12) months.

34.     Defendant is a covered employer.

35.     As an eligible employee, Plaintiff was entitled to twelve (12) workweeks of leave because of her pregnancy.

36.     Plaintiff suffered an adverse employment action at the hands of Defendant when she was terminated from her position while she was out on FMLA leave.

37.     There is a causal connection between Plaintiff's termination and her engagement in the protected rights to which she was entitled under the FMLA.

38.     As a direct and proximate result of Plaintiff's discharge of employment, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to reputation, and lost enjoyment of life, all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

(1)     Award Plaintiff damages against Defendant in an amount equal to any wages, salary, employment benefits, and other compensation denied or lost to plaintiff by reason of the violation of the statute;

(2)     Award Plaintiff interest on the amount of any wages, salary, employment benefits and other compensation denied or lost to Plaintiff by reason of the violation of the statute;

(3)     Award Plaintiff such equitable relief as may be appropriate, including employment, reinstatement, and promotion;

(4)     Award Plaintiff reasonable attorney's fees, reasonable expert witness fees, and other costs of this action;

(5)     Grant Plaintiff such other and further relief as the Court deems appropriate under the circumstances.

WARD & GLASS, L.L.P.

 s/Scott F. Brockman
Stanley M. Ward, OBA#9351
Woodrow K. Glass, OBA#15690
Scott F. Brockman, OBA#19416
R. Ben Houston, OBA#14751
Barrett T. Bowers, OBA#30493
1821 E. Imhoff Road
Norman, Oklahoma 73071
(405) 360-9700
(405) 360-7902 (fax)
ATTORNEYS FOR PLAINTIFF

ATTORNEYS' LIEN CLAIMED